ELLIS, Respondent, vs. CHICAGO, NORTH SHORE & MILWAUKEE RAILROAD COMPANY, Appellant.

*October 8—November 5, 1929.*

For the appellant there was a brief by *Edgar L. Wood* and *John H. McQuaid,* both of Milwaukee, attorneys, and *A. L. Gardner* of Chicago, of counsel, and oral argument by *Mr. McQuaid.*

For the respondent there was a brief by *Fawcett & Dutcher* of Milwaukee, and oral argument by *George C. Dutcher.*

FOWLER, J. The ruling of the circuit judge was clearly right, at least as to the false imprisonment count, and the defendant was not prejudiced by the court's not submitting the other count to the jury.

Defendant's counsel urge that the arrest was lawful because a police officer may arrest without a warrant a person who is committing a breach of the peace or violating a statute or ordinance in his presence. The plaintiff failed to tender and refused to pay sufficient fare. But this did not constitute a breach of the peace, and no statute or ordinance is cited which the plaintiff was violating. It is suggested that the defendant would have violated a federal statute had the conductor accepted the mileage. As to that, he did accept the mileage; but if it be correct that the defendant thereby violated a statute, the defendant's violation did not constitute a violation by the plaintiff. The statutes cited, except one, are provisions of the Interstate Commerce Act relating only to transportation of freight, which manifestly have no application to this case. The one, U. S. Code, title 49, ch. 1, sec. 1, par. (7), relates to the granting of free transportation to passengers by carriers, but not to acceptance of it by the passenger. Obviously the plaintiff's acts do not fall within the prohibitions of any of these statutes.

*By the Court.*—The judgment is affirmed.